# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>(1) One Sprint Cool Pad Cellphone<br>MEID (dec): 256691598904429635<br>MEID (hex): 99000795439743 | )<br>)<br>)   Case No.<br>)<br>) |

**FILED**

NOV 2 2 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

**19MJ11513**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-1, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846, 952, 960, 963 | Possession with intent to distribute controlled substance; Importation of a Controlled Substance; Conspiracy to commit same |

The application is based on these facts:

See attached Affidavit of Special Agent Robert Robbins, HSI

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Robert Robbins, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/22/19

*Judge's signature*

City and state: El Centro, CA     Hon. Ruth Bermudez Montenegro, US Magistrate Judge
*Printed name and title*

**FILED**

NOV 2 2 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN THE MATTER OF THE SEARCH OF

(1) One Sprint Cool Pad Cellphone
MEID (dec): 256691598904429635
MEID (hex): 99000795439743
S/N: 331SD196T0000901

(2) One UMX U683CL cellphone
MEID (dec): 256691944800033089
MEID (hex): 99001518008141
S/N: 683CL00819058142

Case No.:        **1 9 M J 1 1 5 1 3**

AFFIDAVIT OF SPECIAL
AGENT ROBERT ROBBINS IN
SUPPORT OF SEARCH
WARRANT

## **AFFIDAVIT**

I, Robert Robbins, Special Agent with Homeland Security Investigations ("HSI"), having been duly sworn, hereby state as follows:

## **INTRODUCTION**

1.      I make this affidavit in support of an application for a search warrant in furtherance of a narcotics trafficking investigation conducted by HSI for the following target property seized during the arrest of Abraham LIZARRAGA on and about October 27, 2019:

(1) One Sprint Cool Pad Cellphone
MEID (dec): 256691598904429635
MEID (hex): 99000795439743
S/N: 331SD196T0000901
("Target Telephone #1")

(3) One UMX U683CL cellphone
MEID (dec): 256691944800033089
MEID (hex): 99001518008141
S/N: 683CL00819058142
("Target Telephone #2")

(collectively, the "Target Telephones")

2.      The Target Telephones were seized from LIZARRAGA incident to his October 27, 2019 arrest for importation of a controlled substance. Specifically, CBP officers located Target Telephone #1 in the door of LIZARRAGA's vehicle and Target Telephone #2 inside a bag on LIZARRAGA's person. It is believed that the Target Telephones were used by LIZARRAGA to communicate with co-conspirators during drug trafficking activities leading up to his arrest. Probable cause exists to believe that the Target Telephones contain evidence relating to violations of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963. The Target Telephones are currently in the possession of Homeland Security Investigations evidence vault located at 2051 North Waterman Avenue, El Centro, CA 92243. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

3.      Based upon my experience and training, and all the facts and opinions set forth in this affidavit, I submit this affidavit in support of the application to search the Target Telephones for, and to seize, as they pertain to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963, Distribution and Importation of Controlled Substances and Conspiracy, all communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a.      tending to indicate efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

    b.      tending to identify other facilities, storage devices, or services – such as e-mail addresses, IP addresses, phone numbers – that may contain electronic evidence regarding efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

2

c.     tending to identify co-conspirators, criminal associates, or others involved in efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

d.     tending to identify travel to or presence at locations involved in efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

e.     tending to identify the user of, or persons with control over or access to, the subject phone; or

f.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## EXPERIENCE AND TRAINING

4.     I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I am also cross-designated to conduct Title 21 investigations and am currently assigned to the Imperial Valley Border Enforcement Security Task Force. I have been involved with investigations for Title 21 offenses. I am also a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal rules of Criminal Procedure. I am authorized under Rule 41(a) to make applications for search and seizure warrants and to serve arrest warrants. I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5.     I have been employed as a Special Agent with HSI since July 2011. My training includes attending the Federal Law Enforcement Training Center, where I completed 19 weeks of HSI Special Agent Training. Through my training and

experience, I have gained extensive knowledge in detecting elements of criminal activity as it relates to narcotics/currency smuggling, trade fraud, and money laundering. I have made numerous arrests and have conducted and assisted in investigations of such crimes related to, narcotics, money laundering, and customs fraud using a variety of investigative techniques. As a result of my training and experience as a Special Agent, I am familiar with federal criminal statutes to include violations of Title 18, 21 and 8 of the United States Code. As a Special Agent with HSI, my primary duties include the investigation of narcotics-related violations of Title 21 of the United States Code. I have participated in and conducted investigations of violations of various Federal criminal laws, including distribution of controlled substances, use of communication facilities to commit narcotic offenses, importation of controlled substances, conspiracy to import, possess and distribute controlled substances, and money laundering, all in violation of Title 21 and Title 18, United States Code and various California Health and Safety Code and California Penal Code sections. These investigations resulted in arrests of individuals who have imported, smuggled, received and distributed controlled substances. Also, these investigations resulted in seizures of property, assets, and controlled substances. Through these investigations and training, I am familiar with the operations of illegal international Drug Trafficking Organizations (DTO) in in the United States and abroad.

6. Based on my experience and training, I am familiar with the methods utilized in narcotics-trafficking operations and the trafficking patterns employed by narcotics organizations. I have also spoken with agents, as well as other law enforcement officers, about their experiences and the results of their investigations and interviews. I have become knowledgeable of the methods and modes of narcotics operations and the language and patterns of narcotics abuse and trafficking. I have become familiar with the methods of operation typically used by narcotics traffickers.

4

7.    I have received formal training, as well as on-the-job experience and training, relative to the investigation of the importation, transportation, sales, manufacturing, and distribution of controlled substances. I have also participated in investigations that involved the use of electronic surveillance techniques. I have investigated illicit narcotic and controlled substances that have resulted in the arrests and indictments of others. I have also trained in the execution of search warrants for residences and vehicles, as well as participated in the execution of arrest warrants. I have also participated in investigations in which drug traffickers also relied heavily upon electronic communication facilities and other electronic devices as means of communicating. I have interviewed individuals who have been directly and indirectly involved in the importation, transportation, distribution, and manufacturing of illegal drugs, controlled substances.

8.    Based on my training and experience, I have become familiar with the methods utilized in narcotics trafficking operations and the unique trafficking patterns employed by narcotics organizations. I have also spoken with senior agents as well as other senior law enforcement officers, about their experiences and the results of their investigations and interviews. I know that drug traffickers often require the use of a communication facility to negotiate times, places, schemes and manners for importing, possessing, concealing, manufacturing and distributing controlled substances and for arranging the disposition of proceeds from the sales of controlled substances.  I know that professional drug operations depend upon maintaining their extensive contacts. The communication facility enables drug dealers to maintain contact with drug associates, drug suppliers and drug customers. I also know that drug traffickers sometimes use fraudulent information, such as nominee names and false addresses, to subscribe to communication facilities, especially emails, cellular phones, messaging apps and frequently use

communication facilities to thwart law enforcement efforts to intercept their communications.

9.      In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them.   Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.   I have included in parentheses or in brackets my explanations of coded or veiled speech, based on my training and experience, as well as my familiarity with the facts of this investigation. Dates and times are approximate.

10.      Based upon my training and experience, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

a.      Drug traffickers and their co-conspirators will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

b.      Drug traffickers and their co-conspirators will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

c.      Drug traffickers and their co-conspirators and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

d.      Drug traffickers and their co-conspirators will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

e.      Drug traffickers and their co-conspirators will use cellular telephones to notify or warn their accomplices of law enforcement activity to

include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

f.     Drug traffickers and their co-conspirators often use cellular telephones to communicate with load drivers who transport their narcotics and/or drug proceeds.

## **FACTS SUPPORTING PROBABLE CAUSE**

A.     THE ARREST OF ABRAHAM LIZARRAGA

11.     On October 27, 2019, Abraham LIZARRAGA entered the United States at the Calexico, California West Port of Entry. LIZARRAGA was the driver and sole occupant of a 2016 Ford F-150. LIZARRAGA was sent to secondary inspection where Customs and Border Protection officers discovered 100 packages concealed within the spare tire and gas tank of the vehicle. The packages weighed approximately 49.38 kilograms and field-tested positive for the characteristics of methamphetamine. LIZARRAGA was arrested and the Target Telephones were seized by CBP.

12.     Post-arrest, LIZARRAGA invoked his *Miranda* rights.

13.     A query of border crossing records reveals that LIZARRAGA crossed 13 times from Mexico into the United States, starting on May 28, 2019 through October 27, 2019.

14.     Based on my training and experience, I know that it is common for drug traffickers to plan a smuggling venture months in advance of the first attempted crossing. Based on the crossing records and my training and experience, I am requesting that the search warrant cover from **March 1, 2019 through November 1, 2019**. This time period is requested to capture any evidence of recruitment and planning would have taken place prior to LIZARRAGA's first crossing into the United States from Mexico on May 28, 2019, as well as evidence related to any prior crossings. The period after the arrest is requested to capture any attempts by co-conspirators, who would be unaware of LIZARRAGA's arrest, to contact them.

15.     Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics trafficking activities of LIZARRAGA and co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the cellular telephones described herein.

## METHODOLOGY

16.     It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device.  Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing.   An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software.  Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect

8

the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

17.    Following the issuance of this warrant, I will collect the Target Telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

18.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

19.    Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that LIZARRAGA used the Target Telephones to facilitate the offenses of distributing and importing controlled substances. The Target Telephones were likely used to facilitate the offenses by transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963.

20.    I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by LIZARRAGA and others continues to exist on the Target Telephones.

21.    Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth above in Paragraph 3 are likely to be found in the property to be searched described above in Paragraph

1.  Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with HSI, or another law enforcement employee specially trained in digital evidence recovery, to search the items described in Attachment A-1 (Target Telephone #1) and Attachment A-2 (Target Telephone #2), and seize the items listed in Attachment B.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Robert Robbins
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this ___22nd___ day of November, 2019.

Honorable Ruth Bermúdez Montenegro
United States Magistrate Judge

## **ATTACHMENT A-1**

### PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 841, 846, 952, 960, and 963 is described below:

(1)   One Sprint Cool Pad Cellphone
      MEID (dec): 256691598904429635
      MEID (hex): 99000795439743
      S/N: 331SD196T0000901

Currently in the possession of Homeland Security Investigations evidence vault located at 2051 North Waterman Avenue, El Centro, CA 92243

11

## **ATTACHMENT B**
ITEMS TO BE SEIZED

Authorization to search the cellular telephone includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone.  The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period of **March 1, 2019** through **November 1, 2019**:

g.   tending to indicate efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

h.   tending to identify other facilities, storage devices, or services – such as e-mail addresses, IP addresses, phone numbers – that may contain electronic evidence regarding efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

i.   tending to identify co-conspirators, criminal associates, or others involved in efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

j.   tending to identify travel to or presence at locations involved in efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

k.   tending to identify the user of, or persons with control over or access to, the subject phone; or

l.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

**which are evidence of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963**.